**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com
- *additional counsel on signature page* -

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONA HOLMBERG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NANTHEALTH, INC., PATRICK SOON-SHIONG, and PAUL A. HOLT,<br><br>Defendants | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Dona Holmberg ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United

States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding NantHealth, Inc. ("NantHealth" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

### NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired NantHealth securities: (1) pursuant and/or traceable to NantHealth's false and misleading Registration Statement and Prospectus, issued in connection with the Company's initial public offering on or about June 2, 2016 (the "IPO" or the "Offering"); and/or (2) on the open market between June 2, 2016 and March 3, 2017, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

2. NantHealth, a transformational healthcare cloud-based IT company, purports to provide cloud-based platform solutions that converge science and technology through integrated clinical platform to provide actionable health information at the point of care for critical illnesses. The Company develops an adaptive learning system, CLINICS, which includes software, middleware, and hardware systems infrastructure

2

that collects, indexes, analyzes, and interprets molecular, clinical, operational, and financial data points derived from novel and traditional sources, and enhance decision-making. Its systems infrastructure includes software, middleware and hardware modules, and NantOS, which organize and integrate the data streams for its adaptive learning system; and NantOS apps and app suites that are designed to enable the delivery of the medicine to patient.

3.    Founded in 2010, the Company was formerly known as "Nant Health, LLC" and changed its name to NantHealth, Inc. in June 2016.   The Company is headquartered in Culver City, California, and operates as a subsidiary of NantWorks, LLC.

4.    In September 2014, the Company's founder and Chief Executive Officer ("CEO"), Defendant Patrick Soon-Shiong, announced a $12 million donation to the University of Utah in connection with an initiative to find genetic clues for the cause of diseases, including several cancers and amyotrophic lateral sclerosis.  The donation came from three different tax-exempt entities controlled by Soon-Shiong: $9 million from two private foundations, and the remaining $3 million from the NantHealth Foundation, a medical research organization.

5.    Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed

3

to disclose that: (i) Defendant Soon-Shiong funneled business to NantHealth through his donation to the University of Utah, pursuant to the contractual terms of which the university was effectively required to spend $10 million on genetics analysis performed by the Company; (ii) consequently, the number of test orders that NantHealth reported to investors was artificially inflated; (iii) the contracts governing Soon-Shiong's donation to the university violated federal tax law; and (iv) as a result, NantHealth's public statements were materially false and misleading at all relevant times.

6.      On March 6, 2017, STAT, a news organization focused on medical industry reporting, published an article alleging that pursuant to the terms of Soon-Shiong's donation to the University of Utah, the university was effectively required to spend $10 million on genetics analysis performed by NantHealth, an arrangement which enabled NantHealth to inflate by more than 50 percent the number of test orders it reported to investors in 2016.  In addition, the article quoted two tax experts stating that the deal "appeared to violate federal tax rules governing certain charitable donations" and "amount[ed] to indirect self-dealing by Soon-Shiong and his foundations."

7.      On this news, NantHealth's share price fell $1.67, or 23.29%, to close at $5.50 on March 6, 2017.

## JURISDICTION AND VENUE

8.      The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the

4

Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. §78aa).

10. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as Defendants conduct business and operate facilities in this district, and a significant portion of the Defendants' actions, and the subsequent damages, took place within this Judicial District.

11. In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

12. Plaintiff, as set forth in the accompanying Certification, purchased NantHealth securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

13. Defendant NantHealth is incorporated in Delaware and its principal executive offices are located at 9920 Jefferson Boulevard, Culver City, California 90232. NantHealth securities are traded on the NASDAQ under the ticker symbol "NH."

14. Defendant Soon-Shiong is NantHealth's founder and has served at all relevant times as the Company's CEO and Chairman.

15. Defendant Paul A. Holt ("Holt") has served at all relevant times as the Company's Chief Financial Officer ("CFO").

16. Defendants Soon-Shiong and Holt are sometimes collectively referred to herein as the "Individual Defendants."

17. Each of the Individual Defendants:

(a) directly participated in the management of the Company;

(b) was directly involved in the day-to-day operations of the Company at the highest levels;

(c) was privy to confidential proprietary information concerning the Company and its business and operations;

(d) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

6

(g) approved or ratified these statements in violation of the federal securities laws.

18. The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

19. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

20. The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

21. NantHealth, a transformational healthcare cloud-based IT company, purports to provide cloud-based platform solutions that converge science and technology through integrated clinical platform to provide actionable health information at the point of care for critical illnesses. The Company develops an adaptive learning system, CLINICS, which includes software, middleware, and hardware systems infrastructure that collects, indexes, analyzes, and interprets molecular, clinical, operational, and financial data points derived from novel and traditional sources, and enhance decision-

making. Its systems infrastructure includes software, middleware and hardware modules, and NantOS, which organize and integrate the data streams for its adaptive learning system; and NantOS apps and app suites that are designed to enable the delivery of the medicine to patient.

22. In September 2014, Soon-Shiong announced a $12 million donation to the University of Utah in connection with an initiative to find genetic clues for the cause of diseases, including several cancers and amyotrophic lateral sclerosis. The donation came from three different tax-exempt entities controlled by Soon-Shiong: $9 million from two private foundations, and the remaining $3 million from the NantHealth Foundation, a medical research organization.

23. On May 6, 2016, NantHealth filed a registration statement on Form S-1 with the SEC in connection with the Company's IPO. The registration statement was subsequently amended several times, with the final amended registration statement filed on Form S-1/A with the SEC on June 1, 2016 (collectively, the "Registration Statement").

24. The Registration Statement contained a preliminary prospectus. The final prospectus (the "Prospectus") was filed with the SEC on June 3, 2016. The SEC declared the Prospectus effective as of 4:00 pm on June 1, 2016.

25. On or about June 2, 2016, NantHealth completed its IPO, issuing 6.5 million shares priced at $14 per share, and raising proceeds of more than $90 million.

**Materially False and Misleading Statements Issued During the Class Period**

26. On June 3, 2016, NantHealth filed its final Prospectus, which formed part of the Registration Statement, with the SEC. In the Prospectus, NantHealth did not disclose that the Company's success and revenues depended in part on Soon-Shiong's funneling millions of dollars to the Company through the University of Utah, but merely stated:

**Our Competitive Strengths**

We have invested significant capital and healthcare and biotechnology expertise over nearly a decade to develop, acquire and integrate the necessary components to establish a comprehensive, adaptive learning system to address many of the challenges faced by stakeholders across the healthcare continuum.

We believe our success is based on the following key strengths and advantages:

- A highly scaled systems infrastructure and deep expertise across the healthcare ecosystem spanning the knowledge domain, the care delivery domain and the payor domain.

- A highly scaled, next-generation, near real-time learning system enabling novel insights and continuous improvement spanning a single patient to a large population.

- A comprehensive clinical genome and quantitative proteomic molecular analysis solution.

- A healthcare-specific, interoperable, scaled and real-time operating system and applications.

- Advanced, evidence-based, clinical decision support and business intelligence analytics.

- A successful track record of identifying and integrating acquisitions and strategic partnerships.

Case 2:17-cv-01824-BRO-MRW   Document 1   Filed 03/07/17   Page 10 of 28   Page ID #:10

27. The Registration Statement was signed by Soon-Shiong.

28. On August 9, 2016, NantHealth issued a press release and filed a current report on Form 8-K with the SEC, reporting certain of the Company's financial and operating results for the quarter ended June 30, 2016 (the "Q2 2016 8-K"). For the quarter, NantHealth reported a net loss of $54.13 million, or $0.52 per share, on revenue of $31.49 million, compared to a net loss of $17.24 million or $0.21 per diluted share, on revenue of $11.75 million for the same period in the prior year.

29. In the Q2 2016 8-K, NantHealth stated, in part:

**Other Corporate Highlights**

- In July, announced a partnership with the University of Utah to analyze the entire genomic profiles of at least 1,000 individuals who have a history of rare and life-threatening diseases and conditions in their respective families. The landmark project will focus on researching the genetic causes of 25 conditions, including, breast, colon, ovarian, and prostate cancers, amyotrophic lateral sclerosis (ALS), chronic lymphocytic leukemia, autism, preterm birth, epilepsy, and other hereditary conditions. Genomic sequencing will be conducted with unique, comprehensive molecular tests offered by NantHealth, which will enable the development of a rare disease and inherited genomic risk product, GPS Heritage.

30. On August 15, 2016, NantHealth filed a Quarterly Report on Form 10-Q with the SEC, reiterating the financial and operating results previously reported in the Q2 2016 8-K and reporting in full the Company's financial and operating results for the quarter ended June 30, 2016 (the "Q2 2016 10-Q").

10

31.    The Q2 2016 10-Q contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by the Individual Defendants, stating that the financial information contained in the Q2 2016 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

32.    On November 7, 2016, NantHealth issued a press release and filed a current report on Form 8-K with the SEC, reporting certain of the Company's financial and operating results for the quarter ended September 30, 2016 (the "Q3 2016 8-K").  For the quarter, NantHealth reported a net loss of $36.8 million, or $0.30 per diluted share, on revenue of $25.36 million, compared to a net loss of $22.96 million, or $0.24 per diluted share, on revenue of $14.41 million for the same period in the prior year.

33.    In the Q3 2016 8-K, NantHealth stated, in part, that 524 GPS cancer tests were ordered in the quarter.  Discussing the test orders on an earnings call the following day, Soon-Shiong advised investors that "180 were ordered under a research agreement with the University of Utah, which we announced earlier this year."

34.    On November 10, 2016, NantHealth filed a Quarterly Report on Form 10-Q with the SEC, reiterating the financial and operating results previously reported in the Q3 2016 8-K and reporting in full the Company's financial and operating results for the quarter ended September 30, 2016 (the "Q3 2016 10-Q").

35.    The Q3 2016 10-Q contained signed certifications pursuant to SOX by the Individual Defendants, stating that the financial information contained in the Q3 2016

10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

36. The statements referenced in ¶¶ 26-35 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Defendant Patrick Soon-Shiong funneled business to NantHealth through his donation to the University of Utah, pursuant to the contractual terms of which the university was effectively required to spend $10 million on genetics analysis performed by the Company; (ii) consequently, the number of test orders that NantHealth reported to investors was artificially inflated; (iii) the contracts governing Soon-Shiong's donation to the university violated federal tax law; and (iv) as a result, NantHealth's public statements were materially false and misleading at all relevant times.

## The Truth Emerges

37. On March 6, 2017, STAT, a news organization focused on medical industry reporting, published an article alleging that pursuant to the terms of Defendant Soon-Shiong's donation to the University of Utah, the university was required to spend $10 million on genetic analysis performed by NantHealth. The STAT article reported, in part:

12

The university health system did get free and valuable information for genetics research through the deal. But a STAT investigation has found that Soon-Shiong benefited even more from his charitable donation.

He got reams of patient data to help him build a new commercial product meant to assess patients' risk of rare and inherited diseases. He got a stream of cash for one of his struggling companies.

*And the deal made it possible for his company to inflate, by more than 50 percent, the number of test orders it reported to investors late last year while updating them on interest in a flagship product*, a diagnostic tool known as GPS Cancer. Soon-Shiong's team counted genetic sequencing ordered by the University of Utah in those order numbers — even though the work for the university did not have anything to do with diagnosing or recommending treatments for cancer patients.

. . .

The University of Utah deal — laid out in contracts obtained by STAT through a public records request — illustrates how Soon-Shiong boosted his business through his philanthropy. He has been accused of doing just that in at least two legal filings, but the Utah contracts offer the first concrete example, spelled out in black and white.

*Four tax experts who reviewed the contracts at STAT's request all agreed that the Utah deal was suspicious. Two said it appeared to violate federal tax rules governing certain charitable donations, amounting to indirect self-dealing by Soon-Shiong and his foundations.*

"*They're laundering the funds through the University of Utah*," said Marc Owens, a tax lawyer with Loeb & Loeb. Owens, who said *the contracts appeared to violate federal rules*, previously spent a decade as head of the Internal Revenue Service's tax-exempt division.

. . .

"*My first reaction was surprise that the University of Utah lawyers agreed to sign this*," said Brian Galle, a Georgetown University law professor who specializes in tax law and the law of nonprofit organizations, and who suspected the arrangement constitutes indirect self-dealing. (University of Utah spokeswoman Julie Kiefer said the university's counsel reviewed both contracts.)

. . .

**A telling contract, 'too clever by half'**

13

The contract with the University of Utah earmarked $2 million from Soon-Shiong's donation for scientific and administrative work. It says the remaining $10 million of the gift was required to be spent on "Omics Analysis."

The contract does not explicitly require the university to funnel that genetics analysis business to NantHealth. But the contract's use of the term "Omics" is telling. Soon-Shiong's analysis company, which does genetic sequencing, is called NantOmics. And "omics" is a favorite term of the biotech billionaire.

"*I think that this transaction was deliberately structured to attempt to disguise self-dealing*. That sort of 'too clever by half' use of terminology simply reinforces my view," said Owens, the tax lawyer.

38.    On this news, NantHealth's share price fell $1.67, or 23.29%, to close at $5.50 on March 6, 2017.

39.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

40.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired NantHealth securities publicly traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosure. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and

14

their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

41. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, NantHealth securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

42. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

43. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

44. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

15

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;

- whether the prices of NantHealth securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

16

45. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

46. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- NantHealth securities are traded in efficient markets;

- the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ, and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

17

- Plaintiff and members of the Class purchased and/or sold NantHealth securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

47. Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

48. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I
**Violation of Section 10(b) of The Exchange Act and Rule 10b-5**
**Against All Defendants**

49. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

50. This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

51. During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false

18

statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

52. The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of NantHealth securities during the Class Period.

53. The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over,

and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

54. Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

55. As a result of the foregoing, the market price of NantHealth securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of NantHealth securities during the Class Period in purchasing NantHealth securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

56. Had Plaintiff and the other members of the Class been aware that the market price of NantHealth securities had been artificially and falsely inflated by the Company's

and the Individual Defendants' misleading statements and by the material adverse information which the Company's and the Individual Defendants did not disclose, they would not have purchased NantHealth securities at the artificially inflated prices that they did, or at all.

57. As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

58. By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of NantHealth securities during the Class Period.

## COUNT II

**(Violation of Section 20(a) of The Exchange Act Against The Individual Defendants)**

59. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60. During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

61.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

62.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of NantHealth securities.

63.    Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific

activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

64. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

## COUNT III

### (Violations of Section 11 of The Securities Act Against All Defendants)

65. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

66. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the Individual Defendants.

67. The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

68. NantHealth is the registrant for the IPO. Individual Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

69. As issuer of the shares, NantHealth is strictly liable to Plaintiff and the Class for the misstatements and omissions.

23

70. None of the Individual Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

71. By reasons of the conduct herein alleged, each Individual Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

72. Plaintiff acquired NantHealth securities pursuant and/or traceable to the Registration Statement for the IPO.

73. Plaintiff and the Class have sustained damages. The value of NantHealth securities has declined substantially subsequent to and due to the Individual Defendants' violations.

## COUNT IV

**(Violations of Section 15 of The Securities Act Against the Individual Defendants)**

74. Plaintiff repeats and incorporates each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

75. This count is asserted against the Individual Defendants and is based upon Section 15 of the Securities Act.

76. Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling

24

persons of NantHealth within the meaning of Section 15 of the Securities Act. Individual Defendants had the power and influence and exercised the same to cause NantHealth to engage in the acts described herein.

77.    Individual Defendants' positions made them privy to and provided them with actual knowledge of the material facts concealed from Plaintiff and the Class.

78.    By virtue of the conduct alleged herein, the Individual Defendants are liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages suffered.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.    Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: March 7, 2017

Respectfully submitted,

**POMERANTZ LLP**

By: *s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ, LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Hui M. Chang
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:(212) 661-8665
E-mail: jalieberman@pomlaw.com
E-mail: ahood@pomlaw.com
E-mail: hchang@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
E-mail: pdahlstrom@pomlaw.com

**GOLDBERG LAW PC**
Michael Goldberg
Brian Schall
Sherin Mahdavian
1999 Avenue of the Stars
Los Angeles, California 90067
Suite 1100
Telephone: 1-800-977-7401
Fax: 1-800-536-0065
E-mail: michael@goldberglawpc.com
E-mail: brian@goldberglawpc.com

E-mail: sherin@goldberglawpc.com

***Attorneys for Plaintiff***